IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| E.B. WILCOCK,<br><br>　　　　Petitioner,<br><br>vs.<br><br>JIM SALMONSEN, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>　　　　Respondents. | Cause No. CV 24-29-M-DLC-KLD<br><br>ORDER |

On February 2, 2024, Petitioner E.B. Wilcock ("Wilcock") filed this action for writ of habeas corpus. (Doc. 1.) He has styled the filing, however, as a "Writ of Habeas Corpus Via Rule 60(B)(6)- Extraordinary Circumstances." (*Id*. at 1.) While Wilcock initially moved the Court to proceed in forma pauperis ("IFP"), (Doc. 2), on February 21, 2021, Wilcock paid the filing fee. Accordingly, his motion to proceed IFP will be denied as moot.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*. For the following reasons, Wilcock's filing will be dismissed.

1

I. **Background**

On February 23, 2004, Wilcock filed his first federal petition for writ of habeas corpus challenging his 1998 conviction for sexual intercourse without consent. The petition was denied on the merits on August 16, 2006. *Wilcock v. Mahoney*, Cause No. CV 04-32-M-DWM, Ord. (D. Mont. Aug. 16, 2006). A certificate of appealability was denied by both this Court and by the Ninth Circuit Court of Appeals. *See e.g., Wilcock v. Mahoney*, No. 06-35854, Ord. (9th Cir. Dec. 19, 2006).

Wilcock then filed a second petition with this Court alleging (i) his sentence was invalid and (ii) the state legislature's amendments to certain statutory provisions gave rise to technical defects that meant there was no statute in effect at the time he was convicted and/or that he was sentenced in excess of the statutory maximum. *See Wilcock v. Frink*, Cause No. CV-11-152-M-DWM, Pet. (filed Nov. 17, 2011). Because the petition was Wilcock's second attempt at challenging his 1998 conviction, this Court found it had no jurisdiction to consider the matter and it was dismissed. *Wilcock v. Frink*, Cause No. CV-11-152-M-DWM, Ord. (D. Mont. Jan. 4, 2012).

II. **Rule 60(b) motion vs. Successive Habeas Petition**

Wilcock now moves, ostensibly under Federal Rule of Civil Procedure 60(b), to obtain relief from his state court judgment. (Doc. 1.)

The Court must question first whether Wilcock's filing is a Rule 60(b) motion or a disguised 28 U.S.C. § 2254 petition. "Habeas corpus petitioner cannot 'utilize a Rule 60(b) motion to make an end-run around the requirements of [Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")]' or to otherwise circumvent that statute's restrictions on second or successive habeas corpus petitions." *Jones v. Ryan*, 733 F. 3d 825, 833 (9th Cir. 2013)(*quoting Calderon v. Thompson*, 523 U.S. 538, 547 (1998)). A legitimate Rule 60(b) motion "attacks …some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005). A second or successive petition is a filing that contains one or more claims asserted as the basis for relief from a state court's judgment of conviction." *Id*. "[A] motion that does not attack 'the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably' raises a claim that takes it outside the bounds of Rule 60(b) and within the scope of AEDPA's limitations on second or successive habeas corpus petitions." *Jones*, 733 F 3d at 834 (*quoting Gonzalez*, 545 U.S. at 532, n. 5). Such a motion "although labeled as a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly." *Gonzalez*, 545 U.S. at 531.

Wilcock's Rule 60(b) motion is a disguised § 2254 petition. He does not allege that there was a defect in the integrity of his prior federal habeas

3

proceedings. *See Gonzalez*, 545 U.S. at 530. Instead, he generally alleges that he should be allowed to withdraw the guilty plea he entered in the underlying state proceedings based upon his contention that the prosecution breached the terms of the plea agreement. (Doc. 1 at 3.) In support of his argument, he provides a copy of the original plea agreement, the sentencing hearing transcript, and state case law. *See* (Doc. 1-1 at 2-25); *see also* (Doc. 5.) Wilcock essentially seeks a second, or rather third, bite at the apple in an effort "to have the merits determined favorably." *Jones*, 733 F. 3d at 834 (quotations omitted). Accordingly, his filing constitutes a successive petition under 28 U.S.C. § 2244(b)(3)(A).

### III. Successive Petition

This Court lacks jurisdiction to hear a successive petition, challenging Wilcock's 1998 judgment of conviction, unless Wilcock first obtains authorization from the Court of Appeals to file a second habeas petition in this Court. 28 U.S.C. § 2244(b); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). To the extent Wilcock intends to make any new arguments in his present petition, he may attempt to present those arguments to the Court of Appeals. As it stands, his present petition is an unauthorized second/successive petition and must be dismissed for lack of jurisdiction. *Burton*, 549 U.S. at 149.

This Court must dismiss any claim which was presented in a prior habeas petition. 28 U.S.C. § 2244(b)(1). A new claim in a second or successive petition

must be dismissed even if not presented in a prior habeas petition, unless the claim rests on new law, new evidence, or Petitioner's actual innocence. 28 U.S.C. § 2244(b)(2). Even in the latter circumstance, leave of the Court of Appeals is required to maintain the successive petition. 28 U.S.C. § 2244(b)(3). Wilcock is required to raise his grounds for making a second or successive petition before the Ninth Circuit, in a motion for leave to file a second or successive petition. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Until Wilcock obtains leave from the Ninth Circuit Court of Appeals to file a successive habeas petition, this Court lacks jurisdiction to hear his claims. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

### IV.   Certificate of Appealability

The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues

5

presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability will be denied because there is no doubt this Court lacks jurisdiction and there is no basis to encourage further proceedings at this time.

Based upon the foregoing, the Court enters the following:

**ORDER**

1. Wilcock's Petition (Doc. 1) is **DISMISSED** for lack of jurisdiction. Absent leave from the Ninth Circuit, Wilcock should refrain from making further challenges to his 1998 conviction via § 2254 petitions.

2. Wilcock's Motion to Proceed IFP (Doc. 2) is **DENIED** as moot.

3. The Clerk of Court is directed to enter, by separate document, a judgment of dismissal.

4. A certificate of appealability is DENIED.

DATED this 4th day of March, 2024.

*/s/ Dana L. Christensen*
Dana L. Christensen
United States District Court Judge